UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HILDA M. CASTANEDO ESCALON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HILDA CASTANEDO AND THE ESTATE OF EMMA DIAZ, <br><br>   Plaintiffs, <br><br> v. <br><br> TRAFIGURA TRADING, LLC, *et al.*, <br><br>   Defendants. | § § § § § § § § § § § § § § §   Civil Action No. 4:21-cv-00659 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENT
OF THEIR MOTIONS TO DISMISS COMPLAINT**

Plaintiff Hilda M. Castanedo Escalon, as the personal representative of the Estate of Hilda Castanedo and the Estate of Emma Diaz (collectively, "Plaintiffs"), submits this response to Defendants' Supplement to Motions to Dismiss. *See* Dkt. 46. Defendants submit additional argument regarding the Fifth Circuit's recent decision in *Glen v. American Airlines, Inc.*, No. 20-10903, 2021 WL 3285307, at *1 (5th Cir. Aug. 2, 2021) ("*Glen II*"). Although Plaintiff agrees that the Fifth Circuit's holding is relevant, Defendants' submission misconstrues it and ignores key aspects of the decision that further support denial of Defendants' motions to dismiss.

First, Defendants acknowledge in a footnote that the Fifth Circuit joined the overwhelming weight of authority holding that victims of trafficking have Article III standing. *See* Defs' Supp. to Mots. to Dismiss, Dkt. 46 at 1 n.1. But they ignore the import of the decision, which vacated the only district court opinion that has ever reached a contrary conclusion. *See id.*; *see also Glen II* at *5 (vacating *Glen v. American Airlines, Inc.*, ("*Glen I*") No. 4:20-CV-482-A, 2020 WL

1

4464665, at *2 (N.D. Tex. Aug. 3, 2020)). As Plaintiff noted in her opposition to Defendants' motions to dismiss, with the exception of *Glen I*, federal courts have "uniformly reached the opposite conclusion" that plaintiffs do have standing to bring trafficking claims under Title III of the Cuban Liberty and Democratic Solidarity Act (LIBERTAD) of 1996, 22 U.S.C. § 6021, et seq. (the "Act"). Dkt. 28 at 13. *Glen I* is now vacated, the federal courts unanimously support standing, and Defendants' conclusory attempt to distinguish this case from those cases is baseless.

Second, Defendants misconstrue the Fifth Circuit's holding regarding *heirs* of deceased claims holders and attempt to apply it to *estates* of such holders instead. The *Glen* plaintiff was in the former category of an heir because he "inherited the [confiscated] properties after 1996," and thus, the Fifth Circuit found that his claim was barred by the Act's requirement that a claimant "acquires ownership of the claim before March 12, 1996." *Glen II* at *4. But the Fifth Circuit said nothing about estates.

The distinction between heirs and estates is critical. Under Florida probate law, a decedent's heirs and her estate are treated separately; it is the latter that steps into her shoes and is authorized to exercise her legal rights in existence at the time of her death (including the right to enforce legal claims). *See In re Hopkins' Est.*, 349 So. 2d 663, 664 (Fla. Dist. Ct. App. 1977) (explaining that the estate "consists of assets [the decedent] owned at the time of his death"); *see also Wilkes v. United States*, No. 3:97-CV-1317-J-21A, 2000 WL 1367885, at *7 (M.D. Fla. Oct. 18, 2000) (describing estates as "merely the sum total of a deceased person's property" (quotation omitted)). Because the estate steps into the shoes of the decedent, it may pursue claims on her behalf, even if the heirs are barred from pursuing those claims. *See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner*, 612 So. 2d 1378, 1380 (Fla. 1993) (holding that estate could bring a malpractice claim against testator's attorney, even though heirs could not, because estate "stands

in the shoes of the testator"). The personal representative of the estate is empowered to "take all steps reasonably necessary for the management, protection, and preservation of the estate" including by "maintain[ing] an action to recover possession of property or to determine the title to it." Fla. Stat. Ann. § 733.607(1). This includes actions for trafficking claims because, under Florida law, "[a]ll causes of action survive [death] and may be commenced, prosecuted, and defended in the name of the person prescribed by law." Fla. Stat. Ann. § 46.021; *see also Al Batha v. Agency for Health Care Admin.*, 263 So. 3d 817, 819 (Fla. Dist. Ct. App. 2019) ("Even though a person dies, his right to an existing cause of action does not die with him.").

In this case, there is no dispute that the decedents Emma and Hilda acquired their trafficking claims before March 1996, which prevents the application of the purported March 1996 time-bar of the Act. *See* Dkt. 28 at 19 (explaining Emma's and Hilda's acquisition of their claims before 1996). Having stepped into Emma's and Hilda's shoes, the Plaintiff Estates are authorized to pursue the same claims that Emma and Hilda could have pursued if they were still alive today, through this action filed by the personal representative. *See Al Batha*, 263 So. 3d at 819. The Act's time-bar is no more of a defense to the Estates now than it would have been to Emma and Hilda before their deaths. Defendants' attempt to elude this distinction should be rejected.

Date:  August 25, 2021                                                                  Respectfully submitted,

By: /s/ *Jared R. Butcher*
Jared R. Butcher
*Attorney-in-Charge*
CROSSCASTLE PLLC
DC Bar No. 986287
SD ID No. 3634996
1701 Pennsylvania Ave NW, Ste. 200
Washington, DC 20006
Telephone: (202) 960-5800
Facsimile: (612) 234-4766
jared.butcher@crosscastle.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 25, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                   /s/ *Jared R. Butcher*